### RICHARD ABBEY *v.* DOE, ex dem. MERRICK.

Where a party was sued in an action of ejectment, and he gave notice to the plaintiff's lessor that he would, upon the trial, claim an allowance for improvements made upon the premises sued for under the act of 1846, (Hutch. Co. 857,) and the verdict assessed the amount of rents and profits due the plaintiff's lessor, and also the value of the improvements made upon the land, which exceeded the rents and profits by $5,050, against the plaintiff. The judgment rendered was for the land and costs, and the writ of *habere facias possessionem* was awarded to the plaintiff's lessor:—*Held*, that the third section of the act referred to provides, that "the court shall give judgment in favor of the defendant for such excess," which shall operate as a lien upon the land, and execution may issue therefor; and on failing to do this, the court below erred.

In such a case, the writ of *habere facias possessionem* should be stayed until the amount found by the verdict to be due the defendant shall be paid; and the correct practice, when an excess is found for the defendant is, to enter it of record as part of the judgment, that the *habere facias* shall be stayed until the amount assessed to the defendant in the verdict and judgment be paid.

In error from the circuit court of Yazoo county; Hon. Robert C. Perry, judge.

· The facts of the case are sufficiently stated in the opinion of the court.

*Geo. S. Yerger* for appellant.

It is manifest from the act of 1846, section six, in connection with the others, that the defendant Abbey was entitled to judgment in his favor. The act requires the judge to render judgment for plaintiff for the land, and for defendant for excess. This is an entire judgment, and must be in conformity with the verdict. We cannot compel the judge to render a judgment on the verdict by mandamus; for where no judgment is rendered

at all, that is the remedy. But here, in return to a mandamus, he would return that he had rendered a judgment, and that in his opinion this was a correct judgment; that in his opinion no other judgment could be legally rendered; and if his opinion is wrong, it can be reversed. Such a return would be conclusive, because you cannot inquire into his opinion, on a mandamus. You can only compel him to render such judgment as he thinks the verdict justifies, and this he has done. Under the act the judgment must be entire. It must be founded on the verdict. Besides, the judgment is erroneous in ordering the writ of possession, contrary to the fifth section of the above-named act.

*F. Anderson* on the same side.

*Burrows* and *Dougherty* for appellee.

The first ground of error made by plaintiff in error is, that the court below improperly ruled out the proceedings of the probate court of Adams county, because it did not appear affirmatively that all the requirements of the statute had been compiled with to divest the title of the heirs of P. H. Merrick. It will be seen from the bill of exceptions that Hannah Maria Merrick, guardian of defendants in this court, petitioned the probate court of Adams county to sell the lands of her wards at the October term, 1833; that there was no citation to the wards, nor was there an order of publication in two of the most public newspapers in the State, for the space of six weeks. The court will observe this sale was for the interest of defendant Merrick; and they should have been personally served with citation, if residents, and if not, constructive notice as prescribed by the statute. See How. & Hutch. p. 448, § 113. We think that both citation and publication is necessary; however, we deem this point settled by this court, that it must appear affirmatively on the record of the probate court, that that special power of sale conferred on the probate court must be strictly pursued. 6 How. 106, 230, 269; 1 S. & M. 351; 2 Ib. 326; 6 Ib. 259; 7 Ib. 449;

The second ground of error assigned by plaintiff in error is,

that the court below ruled against the testimony offered for the purpose of showing the valuable improvements made by Abbey prior to the law of 1846. Hutch. Co. 856. This ruling of the court below is a well-established principle in courts of law. In courts of equity, where parties have to resort for fraud, accident, or mistake, they might allow for money laid out in repairs and improvements, but it is on altogether a different principle. In this case there is no necessity to resort to a court of equity. 2 Story, Eq. 668, § 1238, notes referring to 1 Johns. Ch. R. 385; 6 Paige, R. 390, 403, 405; 1 Story's R. 478, 494.

. The legislature of Mississippi, observing the difficulties of parties in obtaining compensation for money and labor expended by *bonâ fide* purchasers under color of title, have provided a remedy, but it was clearly not intended to have a retroactive effect.

This court have determined, in the construction of statutes, not to give a retrospective effect to a law, unless it is the manifest intention of the legislature that such construction should be placed upon it. 14 S. & M. 127. In conclusion, we think it clearly established by the record that the heirs of P. H. Merrick were never divested of their title, and that Abbey was not entitled to improvements prior to the act of 1846. If he should be entitled to them at all, the claim could only commence at the last period. But it is in evidence that the improvements were not worth more than the rents and profits.

*Freeman* and *Dixon* on the same side.

Mr. Justice HANDY delivered the opinion of the court.

On the trial of this case in the circuit court, the verdict and judgment were for the lessors of the plaintiff for the possession of the premises in controversy. No objection is made to this. But the defendant in the court below gave notice, under the sixth section of the act of 1846, Hutch. Dig. 857, that upon the trial he would claim an allowance for improvements made upon the land for seventeen years past. The verdict assessed the amount of rents and profits due the plaintiff's lessors, and also the value of the improvements made upon the land, and found

an excess of value of improvements over the amount due for rents and profits of $5,050 against the plaintiff's lessors. The judgment rendered was for the land and costs, and the writ of *habere facias possessionem* was awarded to the plaintiff's lessors.

This judgment is alleged to be erroneous, because: 1. No judgment is rendered for the excess due for improvements. 2. The award of *habere facias possessionem* was erroneous.

The first ground of objection is well founded. The verdict finds due the defendant an excess for improvements over the value of the rents, and in such case, the third section of the act above referred to provides that "the court shall give judgment in favor of the defendant for such excess," which shall operate as a lien upon the land, and execution may issue therefor, &c.

But it is insisted, in behalf of the defendants in error, that the record contains no evidence to support or justify this verdict for the excess, and therefore that the court acted properly in disregarding it; that as the record does not contain the evidence, the court must be presumed to have rendered the judgment which was warranted by it. We do not consider these positions tenable. The record does not purport to set forth any of the evidence touching the question of rents and profits and improvements. That matter was distinctly put in issue by the proceedings in the case, and it therefore became a proper and necessary part of their verdict. The evidence on which it was found by the jury being omitted, the presumption of law is that it was sustained by the evidence. No objection was taken to it, nor motion made to set it aside. It therefore stood as a proper verdict, responsive to a material issue in the case. The judgment must correspond with the material facts found by the verdict, and embrace every matter properly forming a part of it.

The only evidence shown by the record to have been before the jury was the proceedings of the probate court under which the defendant below claimed title, and the deed to him in consequence thereof; and this was offered and admitted solely to show that he was in possession under color of title, in order to entitle him to the benefit of an allowance for improvements

under the statute above mentioned. This proof was necessary and proper under the circumstances of the case, and was sufficient to entitle the defendant to submit his claim for improvements to the jury. We cannot say that the verdict was erroneous, as the question was properly submitted for their consideration, and the evidence on which it was found is not presented to us.

The second error alleged, is apparent from the above view of the case and a reference to the sixth section of the act of 1846, which provides, that in a case like this the writ of *habere facias possessionem* shall be stayed until the amount found by the verdict to be due the defendant shall be paid. It is said that the order awarding the writ in this case was a mere direction to the clerk. Still it was an irregularity operating to the defendant's prejudice. For if it had been demanded by the plaintiff, the clerk could not have refused to issue it, as it was expressly and unconditionally awarded by the judgment of the court. Nor could the court have prevented it, except by *supersedeas* duly issued. The correct practice in cases where an excess is found for the defendant, doubtless is, to enter it of record as part of the judgment, that the *habere facias* shall be stayed until the amount assessed to the defendant in the verdict and judgment be paid.

The judgment is reversed, and a new judgment directed to be entered here in conformity to the verdict and the views herein contained, and the case is remanded.